**Isselmou Mohamed DIOP, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–0117–ag.**

United States Court of Appeals, Second Circuit.

Oct. 22, 2008.

Matthew J. Harris, Of Counsel to Eric A. Wuestman, Brooklyn, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Michelle G. Latour, Assistant Director, Sunah Lee, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Isselmou Mohamed Diop ("Diop"), a native and citizen of Mauritania, seeks vacatur of an order of the BIA affirming the January 24, 2006 decision of Immigration Judge ("IJ") Helen Sichel denying his asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Isselmou Mohamed Diop*, No. A.95 433 665 (B.I.A. Dec. 10, 2007), *aff'g* No. A95 433 665 (Immg. Ct. N.Y. City, Jan. 24, 2006). Familiarity with the record and the issues raised on this appeal is assumed.

As a preliminary matter, because Diop does not address the agency's pretermission of his asylum application or the agency's denial of his application for CAT relief, we deem challenges to those determinations waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir. 2005). Accordingly, we review only Diop's challenge to the denial of his application for withholding of removal.

When, as here, the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

The BIA rejected the IJ's adverse credibility determination and assumed that Diop demonstrated past persecution. However, the BIA concluded that because a fundamental change in circumstances had occurred in Mauritania, Diop had not shown a future threat to life or freedom. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A) (providing that an IJ may deny withholding or removal if there has been a "fundamental change in circumstances such that the applicant's life or freedom would not be threatened on account of any of the [five protected grounds] upon that applicant's removal to the country")

We find the BIA's decision sufficiently flawed because the BIA (1) based it view of changed circumstances in Mauritania on findings drawn from the 2004 U.S. Department of State Country Report ("Report") that may not be applicable to the petitioner; and (2) appeared to ignore information in the Report suggesting the petitioner's ethnic group may face persecution in Mauritania. The BIA based its determination of changed circumstances in part on excerpts from the Report suggesting that prospects for the Black Moor ethnic group in Mauritania had improved, noting the Mauritanian "government is making strides in appointing Black Moors in positions within government" and that Black Moors were recently appointed to two high-level government positions. The petitioner, however, is not a Black Moor, but a Wolof, so the Report's analysis of the experience of Black Moors is not especially relevant or helpful.

Black Moors and Wolofs are two very different groups. Black Moors are part of the dominant Moor ethnic group in Mauritania, a group that itself subdivides into "White Moors" and "Black Moors." Wolofs, who principally reside in the south, are one of several groups that make up the "Black African" ethnic group, which is distinct from the Moor ethnicity. The expulsion of blacks out of Mauritania and into Senegal in 1989–91, which the petitioner purports to have been the source of his persecution, confronted the Wolofs and other "Black African" groups, but not Black Moors. Consequently, the current prospects of Black Moors in Mauritania may not be indicative of the circumstances facing Wolofs. Similarly, although the BIA noted that, according to the Report, :many refugees have had their original homes, some personal property, and at least a portion of their original land returned to them by the Mauritanian government, the Report did not indicate that this was true of members of the petitioner's Wolof ethnic group.

Moreover, the BIS's decision does not address the portions of the Report suggesting that Wolofs may still face persecution on the basis of ethnicity in Mauritania. Unlike the Report's assessment of the progress of Black Moors in Mauritania, the Report made no statement affirming the progress of Wolofs in rising to high-level political positions. Rather, the Report indicated that Wolofs "were underrepresented in the military and security sectors,"

that "Wolofs were underrepresented in senior government positions," and that "[e]thnic tensions continued, and the largely southern-based ethnic groups [like the Wolofs] remained underrepresented in political life, and some of their members felt excluded from effective political representation."

Because the BIA appears not to have appreciated the ethnic group to which the petitioner belonged, we find the BIA's decisionmaking process flawed. Accordingly, the petition for vacatur of the BIA's denial of withholding of removal is hereby GRANTED, and the case is REMANDED for further proceedings on petitioner's claims consistent with this order. Any pending motion for a stay of removal is DENIED as moot.